Levi W. Cox, Employee, Appellant, v. McCormick Transportation Company, a Delaware corporation, Employer, Appellee.

(*August* 6, 1952.)

TERRY, J., sitting.

*Andrew D. Christie* for Employee, Appellant.

*John P. Sinclair* (of the firm of Berl, Potter and Anderson) for Employer, Appellee.

Superior Court for New Castle County, No. 171, Civil Action, 1951.

TERRY, J.:

The question presented is very narrow. It does not concern the period of time for which Cox was awarded compensation (ten weeks), but merely the amount of compensation so awarded (twenty-five dollars per week). Cox contends that the language employed under the provisions of Section 10, Subsection (g), of the act is clear and readily understandable and that, if he is entitled to compensation at all under the provisions thereof, the rate of compensation must be based upon 60% of his weekly wage during the ten week period and not twenty-five dollars ($25.00) per week as indicated by the Board under its award below.

McCormick contends that Subsection (c) deals with permanent injuries of certain designated classes under which payments of compensation are limited in each case to the sum of $25 per week. It further contends that the legislative intention in adding Subsection (f) in 1941, *supra*, and Subsection (g) in 1945 was merely to add two additional types of permanent injuries to those included within the list of injuries as designated under Subsection (c), and, as such, it was the intention to limit the extent of payments of compensation to cases arising under Subsections (f) and (g) to the maximum amount to be paid as designated under Subsection (c); that is, the sum of twenty-five dollars ($25.00) per week.

McCormick's contention that the provisions of Subsection (g) rightfully belong under the Schedule Loss Section of Sub-

section (c), along with the designated injuries therein set forth, and, as such, are subject to the limitation of the weekly amount of $25 as set forth under Subsection (c), cannot be sustained.

The language employed in the enactment of Subsection (g) clearly denotes that an injured employee meeting the requirements of the Subsection shall receive 60% of his weekly wage for a period to be determined by the Industrial Accident Board not to exceed 150 weeks.

If the Legislature had intended, as McCormick argues, to include Subsection (g) as merely an added injury under Subsection (c), thereby limiting the recovery of compensation payable to an employee under Subsection (g) to the amount of $25 per week, it could have easily done so either by amending Subsection (c) and including cases involving serious and permanent facial or head disfigurement to the list of injuries therein included, or by stating in Subsection (g) that the maximum amount to be paid an employee under Subsection (g) should not exceed the sum of $25 as indicated under the provisions of Subsection (c).

It is my opinion that Subsection (g) has no relation to Subsection (c) whatsoever, and that any award made by the Industrial Accident Board for an injury sustained under Subsection (g) must be made at the rate of 60% of the employee's weekly wage for a period not to exceed 150 weeks.[1]

For the reasons stated the Board's award must be reversed with directions to the Board to enter an award of compensation in favor of Cox for the period of 10 weeks at an amount representing 60% of his wage of $55 per week.

---

[1]Even though a similar problem involving Subsection (f) is not before me, nevertheless for the sole purpose of aiding the Board in future cases, I should say that my conclusion respecting the relationship of Subsection (f) to Subsection (c) would be the same as my stated conclusion respecting the relationship of Subsection (g) to Subsection (c); that is, each Subsection, (f) and (g), stands independent of Subsection (c) (as well as independent of each other).

An order will be signed accordingly.