Wilbert E. TAYLOR, Appellee Below,
Appellant,

v.

HATZEL & BUEHLER, Employer, and the
Travelers Insurance Company, Insurer,
Appellants Below, Appellees.

Supreme Court of Delaware.

Oct. 6, 1969.

Roy S. Shiels of Brown, Shiels & Barros, Dover, for appellant.

Jackson W. Raysor, of Tunnell & Raysor, Georgetown, for appellees.

WOLCOTT, C. J., and CAREY, and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

In October, 1964, Wilbert E. Taylor, an employee of Hatzel & Buehler, in the course of his employment, sustained severe electrical burns to both hands. The insurer

agreed the injury was a compensable claim under the Workmen's Compensation Law (19 Del.C. Chs. 21–23), and entered into an agreement, subsequently filed with the Industrial Accident Board, to compensate Taylor for temporary total disability. In January, 1965, Taylor returned to work and the payment of temporary total disability was stopped.

In March, 1966, somewhat over a year after his return to work, Taylor petitioned the Board under 19 Del.C. § 2326(f) for compensation for serious and permanent disfigurement of his hands as a result of the injury. Following a hearing, the Board made an award for permanent disfigurement of $50.00 a week for a total of 85 weeks. The insurer paid the amount of the award for a total of 85 weeks, ending August 23, 1966.

In December, 1966, Taylor filed with the Board a petition to review the existing compensation agreement to seek compensation under 19 Del.C. § 2326(d) for permanent partial disability of his hands, which, by stipulation, was fixed at 12½% loss of the use of both hands. At the hearing the insurer took the position that the stipulated percentage of permanent disability meant that the compensation paid for disfigurement was, in fact, an overpayment, and that it should be given a credit against any award for permanent disability. In November, 1967, the Board made an award of 55 weeks' compensation based on a 12½% loss of use of each hand, or $50.00 per week. The insurer appealed to the Superior Court. The Superior Court agreed with the insurer's contention and remanded the case to the Board to allow a credit for the overpayemnt.

The problem arises thus: Taylor received disfigurement compensation of 85 weeks at $50.00 per week, or a total of $4,-250.00. However, 19 Del.C. § 2326(f) limits disfigurement awards to not more than 20% of the compensation payable for permanent injury under § 2326. Therefore, since an award was made for permanent partial disability of 55 weeks at $50.00 per week, or a total of $2,750.00, he is entitled under the act to a disfigurement award of only 11 weeks at $50.00 per week, or a total of $550.00. If this proposition is correct, and we think it is, Taylor will obviously receive an overpayment, if the award for permanent partial disability is upheld. Nevertheless, we think that award may not be disturbed.

19 Del.C. § 2326(f) reads in part as follows:

"(f) The Board shall award proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks which shall be paid to the employee at the rate of 66⅔ per centum of his weekly wages, and an award for such disfigurement may be made in addition to compensation for any loss specifically set forth in this section provided that such disfigurement is visible and offensive when the body is clothed normally. The amount of such disfigurement award shall be designated by the Board, separately. No disfigurement award shall be paid for more than 20% of the number of weeks for which compensation is payable under this section." [1]

The section prior to amendment by 54 Laws, Ch. 280, read in part, by reason of 50 Laws, Ch. 339, § 8, as follows:

"(f) The Board shall award proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks which shall be paid to the employee at the rate of 66⅔ per centum of his weekly wages, but no compensation shall be awarded when such disfigurement was caused by the loss of or the loss of use of a member of the body, except the eye or eyes, for

1. The present form of § 2326(f) differs somewhat in language and sentence structure from 54 Laws, Ch. 280, § 2, which changes were made by the Code Commissioners, but do not alter the meaning.

which compensation payments are already provided by terms of this section."

Prior to the amendment of 50 Laws, Ch. 339, the section read in part as follows:

"(f) The Board shall award proper and equitable compensation for serious and permanent facial or head disfigurement; such compensation shall be paid to the employee at the rate of 60 percent of his weekly wages for a period of not more than 150 weeks."

To summarize:

By the original of § 2326(f), the Board was authorized to make an award for permanent head or facial disfigurement separately and irrespectively of the existence of an award of compensation for other injury. Cox v. McCormick Transp. Co., 8 Terry 327, 334, 91 A.2d 185. By the 1955 amendment of 50 Laws, Ch. 339, subsection (f) was amended to prohibit a disfigurement award for an otherwise compensated loss of a member of the body, except an eye or eyes. By the 1964 amendment of 54 Laws, Ch. 280, the present § 2326(f) was enacted which allowed generally an award for permanent disfigurement in addition to compensation for any other loss allowed by the whole of § 2326, but limited a disfigurement award to 20% of the number of weeks for which compensation is payable for the other loss allowed by § 2326.

Thus, the following cycle took place. Prior to 1955, disfigurement could be the basis of an independent award; in 1955 the law was changed to abolish, except for loss of the eyes, a disfigurement award for an otherwise compensated loss of member; and, finally, in 1964, all awards for disfigurement were allowed only in connection with an award for disability under § 2326.

Since this is so, it follows that the 1966 award for permanent disfigurement of Taylor's hands was an erroneous holding of the Board since it was not made in connection with and measured by an award for compensable disability under 19 Del.C. § 2326. As such, it could have been reviewed and reversed on appeal to the Superior Court pursuant to 19 Del.C. § 2349. The insurer, however, did not appeal, and the award became final and conclusive between the parties by reason of § 2349.

When Taylor's petition for permanent injury came before the Board, the prior award for disfigurement was no longer subject to review by way of appeal. The Board thereupon made an award for partial permanent disability, and neither made an award nor gave a credit for permanent disfigurement.

On appeal, the Superior Court, recognizing that the disfigurement award was excessive under § 2326(f) in view of the amount of the award for partial permanent disability, attempted to correct the result by giving the insurer a credit of 19 weeks of disfigurement overpayment.[2]

We think this may not be done, even though we recognize that Taylor has and presumably will receive an overpayment of 74 weeks' compensation for disfigurement. The difficulty arises from the fact that the disfigurement award having become final and conclusive between the parties, the attempt to remedy in the second proceeding the error made in the first proceeding amounts to a collateral attack on the award, which may not be permitted.

■ The decisions of administrative bodies acting in a judicial or quasi-judicial capacity are not subject to collateral attack unless they are void on their face, or beyond the jurisdiction of the agency. Particularly is this true when direct review by appeal is permitted, and the complaint against the prior decision is error or irregularity which is not jurisdictional. 2 Am. Jur.2d, Admin.Law, § 493; Davis, Administrative Law Treatise, § 18.10.

2. The result would be that Taylor may be liable to refund $950.00 since he received under the first award $4,250.00 but is entitled under the ruling of the Superior Court to only $3,300.00.

■ Furthermore, awards of compensation boards are generally held to be *res judicata* and, thus, immune from collateral attack, except when the award for some reason is void. 58 Am.Jur., Workmen's Compensation, § 498. Void judgments are defined in terms of exceeding jurisdiction over the parties or subject matter; improper notice; no delegation of power by the State; no valid service of process, and failure to sit at a time and place as required by law. Restatement, Judgments, §§ 4, 5, 6, 7 and 8.

■ There is no question in the case at bar that Taylor's application for disfigurement compensation was within the jurisdiction of the Board, and that the usual procedures were followed. What happened was that the Board committed an error of law from which the insurer failed to appeal. There is, therefore, no reason to permit a collateral attack on the award.

The judgment below must therefore be reversed and the cause remanded with instructions to reinstate the award of the Board.