**Eddie BEAVER, Claimant-Appellee Below, Appellant,**

v.

**ALLIED CHEMICAL CORPORATION, Employer-Appellant Below, Appellee.**

**Franklyn HARRIS, et al., Employees-Appellees Below, Appellants,**

v.

**ALLIED CHEMICAL CORPORATION, Employer-Appellant Below, Appellee.**

**John SCHULTZ, Employee-Appellee Below, Appellant,**

v.

**ALLIED CHEMICAL CORPORATION, Employer-Appellant Below, Appellee.**

Supreme Court of Delaware.

May 10, 1971.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for appellant Beaver.

Oliver V. Suddard, Wilmington, for appellants Harris, Waters and Primaldi.

Alfred M. Isaacs, Wilmington, for appellant Schultz.

Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for Allied Chemical Corp.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

These are appeals in five cases in which the Superior Court reversed decisions of the Industrial Accident Board awarding compensation to the five appellants for permanent disfigurement. The five cases have been consolidated for the purpose of appeal.

Each of the five cases involved an industrial accident resulting in permanent scarring of the employee. There was, however, no accompanying permanent disability. However, in each of the cases the employee, by agreement with the employer, received an award for total temporary disability.

At the conclusion of the period of temporary disability, each employee petitioned the Industrial Accident Board for an award for the permanent scarring. The petitions were made pursuant to 19 Del.C. § 2326(f) which provides in part as follows:

"(f) The Board shall award proper and equitable compensation for serious and permanent disfigurement to any part of the human body up to 150 weeks which shall be paid to the employee at the rate of 66⅔ per centum of his weekly wages, and an award for such disfigurement may be made in addition to compensation for any loss specifically set forth in this section provided that such disfigurement is visible and offensive when the body is clothed normally. The amount of such disfigurement award shall be designated by the Board, separately.

No disfigurement award shall be paid for more than 20% of the number of weeks for which compensation is payable under this section."

The decision of the court below was made on the authority of Taylor v. Hatzel & Buehler, 258 A.2d 905 (Del.Supr., 1969), which the court stated required the reversal of the awards. In the *Taylor* case we held that a 1966 award for permanent disfigurement not made in connection with an award for compensable disability under 19 Del.C. § 2326, was error in law. However, since no appeal was taken by the employer to the Superior Court from the Industrial Accident Board's award, we held that that award became final.

Following the expiration of time for appeal, the employee in the *Taylor* case sought further compensation for permanent partial disability of his hands. The employer sought to charge against the award for permanent partial disability the amount the employee had received as compensation for permanent disfigurement in excess of 20% of the disability award. We pointed out that the award for permanent disfigurement was not in compliance with the Act since it was not made in connection with an award for permanent disability, despite the fact that § 2326(f) specifically limits disfigurement awards to not more than 20% of the number of weeks for which compensation is payable under the entire Section. However, despite the failure to comply with this provision, we refused to allow a credit on the award for permanent disability on the ground that to do so would permit a collateral attack on a decision of an administrative body which had acted in a judicial or quasi-judicial capacity. The only error committed by the Industrial Accident Board was one of law and the failure to exercise

the right to appeal from that award amounted to a waiver of the error.

The appellants argue earnestly that we should overrule the *Taylor* case or at least reconsider it because the question was not really before us. It is argued, therefore, that at most our language in the *Taylor* case is *dictum*. If the language in the opinion in the *Taylor* case is in fact *dictum*, which is open to doubt, we nevertheless think that the construction of 19 Del.C. § 2326 (f) appearing in that opinion is the proper one, and we reaffirm our conclusion in that respect.

The appellants argue, however, that the language in the Code now appearing as § 2326(f) is different from the language in the original enactment of the amendment appearing in 54 Laws, Ch. 280, § 2. There is in fact a difference between the language of the original enactment and the language of the Section as it appears in the Code, but, in our opinion, the language of the Code Section, which came about as the result of the work of the Code Commission, amounts to nothing more than a punctuating improvement and a shortening of the language to make it more concise. A comparison of the two versions indicates quite clearly that the changes made by the Code Commission did not affect the meaning and substance of the amendment as originally enacted. We so stated in the *Taylor* case, and we reaffirm that conclusion.

If it is considered desirable to provide a disfigurement award independent of an award for permanent disability, the proposal must be made to the General Assembly since it has otherwise provided. We will not, in the guise of statutory construction, distort a statute to mean something the General Assembly did not intend.

The judgments below are affirmed.