# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ANTHONY MASSEY, | ) | |
| | ) | |
| Defendant-Below | ) | |
| Appellant, | ) | |
| v. | ) | C.A. No.: N18A-03-003-VLM |
| | ) | |
| | ) | |
| NATIONWIDE ASSURANCE CO., | ) | |
| A/S/O BRITTANY LAFAYETTE, | ) | |
| A/S/O MEHREEN AWA, | ) | |
| A/S/O BRENDON LAFAYETTE, | ) | |
| And A/S/O MESHAM AWAN. | ) | |
| | ) | |
| Plaintiff-Below | ) | |
| Appellee. | ) | |

## OPINION

Submitted: June 20, 2018
Decided: September 28, 2018

*Upon Consideration of Appellant's Appeal of the Decision of the Court of Common Pleas,* **AFFIRMED.**

Mary Anne McLane Detweiler, Esq., Law Office of Mary Higgins, LLC, Newark, Delaware, Attorney for Appellant/Defendant-Below.

Christopher J. Sipe, Esq., Christopher J. Sipe, Esq., P.A., Newark, Delaware, Attorney for Appellee/Plaintiff-Below.

**MEDINILLA, J.**

## INTRODUCTION

Defendant/Appellant Anthony Massey ("Defendant") appeals the decision of the Court of Common Pleas ("CCP') which granted a judgment in favor of Plaintiff/Appellee Nationwide Assurance Co. ("Plaintiff"), the judgment creditor, for an action dating back to 2005. Specifically, CCP denied a request to vacate a default judgment against Defendant, holding that Defendant did not satisfy the requirements under Rule 60(b) for relief. Defendant argues in this appeal that CCP applied the incorrect legal standard on his Motion to Set Aside Default Judgment and that CCP's findings of fact are not supported by the evidence. For the reasons stated below, the judgment of CCP as set out in its Memorandum Opinion and Order on Defendant's Motion to Set Aside Default Judgment[1] dated February 26, 2018 is **AFFIRMED.**

## FACTUAL AND PROCEDURAL HISTORY

This record dates back to thirteen years ago when Defendant was involved in a two-car accident in Seaford, Delaware, on December 22, 2005, while driving an uninsured vehicle owned by his cousin, Jesse James ("James").[2] The occupants of

---

[1] *Nationwide Assurance Co., a/s/o Brittany Lafayette a/s/o Mehreen Awan a/s/o Brendon Lafayette and a/s/o Mesham Awan v. Anthony Massey and Jesse James*, C.A. No. U406-11-504 (Del. Com. Pl. Feb. 26, 2018) (Memorandum Opinion and Order) [hereinafter "Memorandum Opinion and Order"].

[2] Appellant's Opening Br. at 3-4; App. to Appellant's Opening Br. at A-106.

the second vehicle were Brittany Lafayette and three children, all insured under an automobile policy through Plaintiff. Plaintiff paid uninsured motorist benefits for the medical bills and personal injury expenses causally related to this accident.[3] On March 29, 2006, a "Debtor Work Card" from Plaintiff reflects that Defendant was in communications with Plaintiff's representative regarding the accident, asked for payment arrangements, and indicated that he would be speaking to James about the claim against them.[4] Plaintiff concedes he was aware of Plaintiff's subrogation *demand* (not the lawsuit) against him.[5] The claim was not paid, and Plaintiff filed its Complaint against both men on November 27, 2006.[6]

The next day, on November 28, 2006, a summons was issued for service by the New Castle County Sheriff.[7] On December 4, 2006, service was made to Defendant at James' address in Bridgeville, Delaware, by leaving summons with James.[8] There is no dispute that James was old enough to accept service, and he accepted two copies of the Complaint and summons. Two special server affidavits

---

[3] Appellant's Opening Br. at 4.

[4] Del. Com. Pl. Civ. Debt Mot. Proc. Tr. (Dec. 8, 2017) at 17-18 [hereinafter "Tr."]; App. to Appellant's Opening Br. at A-034.

[5] Tr. at 28.

[6] Appellant's Opening Br. at 2.

[7] App. to Appellant's Opening Br. at A-001.

[8] *Id.* at A-029, A-030.

were returned as to co-defendant James and Defendant. Per the Return of Service Affidavit related to Defendant, the process server left copies of the Summons and Complaint at Defendant's dwelling, house, or place of abode, which was with James at his Bridgeville residence.[9] Neither filed an Answer.

Plaintiff filed a Direction to Enter Default Judgment on January 2, 2007.[10] CCP entered Default Judgment[11] against both men for $2,736.00 plus $100.00 in court costs for a total of $2,836.00.[12] On January 18, 2007, Plaintiff moved to transfer the judgment to this Court, and the Default Judgment was transferred on January 24, 2007. On March 2, 2007, Plaintiff also sought an indefinite suspension of both James and Defendant's Delaware driver's licenses, which were subsequently suspended by the Delaware Division of Motor Vehicles ("DMV") beginning May 14, 2007.[13]

The next day, on May 15, 2007, both men made separate telephone calls to Plaintiff's counsel.[14] It appears James did not care about the judgment and license

---

[9] App. to Appellant's Opening Br. at A-029.

[10] Appellant's Opening Br. at 6.

[11] *See* Memorandum Opinion and Order, at 2 n.3 ("It is not clear from the record what date the Court [of Common Pleas] entered judgment against Defendant.").

[12] App. to Appellant's Opening Br. at A-002.

[13] Appellant's Opening Br. at 6.

[14] App. to Appellant's Opening Br. at A-024.

4

suspension because he planned or had filed for bankruptcy. Defendant called Plaintiff's counsel to dispute the seriousness of the car accident, and to discuss the suspension of his license.[15] Defendant was not concerned about the suspension of his Delaware license because he represented he had a license in another State.[16] The May 2007 conversation ended with Defendant suggesting he would be contacting an attorney.[17]

Eight years later, on October 16, 2015, Defendant again contacts Plaintiff's counsel, this time regarding his desire to transfer a Maryland license to Delaware, and claims he was unaware that a Complaint had been filed against him.[18] No further action was taken after this 2015 phone call until approximately two years later.[19] On June 12, 2017, Defendant contacts Plaintiff's counsel via email to resolve the matter so he can lift the license suspension, and seeks payment arrangements for the amount owed.[20]

On November 14, 2017, through legal representation, Defendant filed his

---

[15] App. to Appellant's Opening Br. at A-041, A-042.

[16] Appellee's Answer Br. at 2.

[17] App. to Appellant's Opening Br. at A-024, A-025.

[18] *Id.* at A-041.

[19] Appellee's Answering Br. at 3.

[20] App. to Appellant's Opening Br. at A-047.

Motion to Set Aside Default Judgment. Plaintiff filed a Response and Opposition to the Motion to Set Aside Default Judgment on December 1, 2017. CCP heard oral arguments on December 8, 2017. Defendant failed to appear. Instead, he presented an affidavit through his attorney. CCP permitted counsel to submit additional authority following oral arguments, and accepted various exhibits from both sides. On February 26, 2018, after consideration of the parties' submissions, oral arguments, and supplemental authority, CCP issued its Memorandum Opinion and Order denying Defendant's Motion to Set Aside Judgment.

Defendant appealed this ruling on March 6, 2018 and filed its Opening Brief on April 17, 2018. Plaintiff's Answering Brief was filed on May 7, 2018. Defendant's Reply Brief was filed on May 21, 2018. The matter was assigned to this Court on June 20, 2018. With full submissions from both sides, the matter is ripe for review.

## STANDARD OF REVIEW

Under Delaware law, the "standard of review by the Superior Court for an appeal from the Court of Common Pleas is the same standard applied by the Supreme Court to appeals from the Superior Court."[21] "Questions of law are reviewed *de*

---

[21] *Robert J. Smith Companies, Inc. v. Thomas*, 2001 WL 1729143, at *2 (Del. Super. Dec. 10, 2001).

*novo*."[22] If a party claims that the lower court employed the incorrect legal standard, then a question of law is raised and reviewed *de novo*.[23] In this appeal, this Court "is limited to correcting errors of law and determining whether substantial evidence exists to support factual findings."[24] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25] In civil matters decided by the CCP, this Court must determine "whether the factual findings made by the trial judge are adequately supported by the record and are the product of an orderly and logical deductive process."[26]

The crux of this appeal focuses on Defendant's contention that the CCP applied the incorrect legal standard under Rule 60(b)(1) instead of under Rule 60(b)(4).[27] In doing so, Defendant argued that the court lacked personal jurisdiction over him due to improper service and that the judgment was void under Rule

---

[22] *Thomas*, 2001 WL 1729143, at *2

[23] *Hawk v. Division of Child Support Enforcement*, 47 A.3d 971, 2012 WL 2389298, at *1 (Del. June 25, 2012) (TABLE).

[24] *Henry v. Nissan Motors Acceptance Corp.*, 1998 WL 961759, at *1 (Del. Super. Oct. 21, 1998).

[25] *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)); *see also Thomas*, 2001 WL 1729143, at *2.

[26] *Wyatt v. Motorola, Inc.*, 1994 WL 714006, at *2 (Del. Super. Mar. 11, 1994) (citation omitted).

[27] Appellant's Opening Br. at 9-14.

60(b)(4). Defendant further argues his right to challenge service of process has no time limits, and that the CCP's findings of facts were not supported by the evidence.[28]

## DISCUSSION

It has been held that "a void judgment for Civil Rule 60(b)(4) purposes is one that is legally ineffective from its inception."[29] Void judgments include "exceeding jurisdiction over the parties or subject matter; improper notice; no delegation of power by the State; no valid service of process, and failure to sit at a time and place as required by law."[30] The court does not have discretion when presented with a Rule 60(b)(4) motion because a judgment is either void or valid.[31] CCP determined the judgment was valid. This Court agrees. Whether the default judgment entered in this case was void for lack of personal jurisdiction necessarily requires a review regarding service of process and the issue of notice.

Here, this Court finds, and agrees with the holding of CCP and its analysis.

---

[28] Appellant's Opening Br. at 9-14, 22-23.

[29] *Credit Acceptance Corp. v. Cason*, 2008 WL 4379594, at *1 (Del. Com. Pl. July 22, 2008) (quoting *C.I.T. Group/Equip. Fin., Inc. v. Chaney*, 1991 WL 18092, at *1 (Del. Super. Feb. 8, 1991)) (internal quotation marks omitted).

[30] *Id.* (quoting *Taylor v. Hatzel & Buehler*, 258 A.2d 905, 908 (Del. 1969)).

[31] *See Gunn v. Tidewater Utilities, Inc. and Jefferson Associates*, 2016 WL 5660306, at *2 (Del. Com. Pl. July 25, 2016).

The Memorandum Opinion and Order sets out the Rule 60(b)(4) considerations in determining that Defendant has the burden to establish that the judgment was void for improper service. He failed to do so. The record includes the parties' affidavits and submissions, the arguments of counsel, and evidence to establish that service was effective.[32] In support of its decision, CCP did not find Defendant's claim of improper service credible.[33]

It is undisputed, and conceded, that Plaintiff was on notice of a claim against him in March 2006 when he had his initial communications with Plaintiff's representative regarding a subrogation *demand*. Although this Court agrees with Defendant's counsel that this is not the same as the Complaint, Plaintiff's evidence showed that when the process server presented two complaints to James, he accepted service on behalf of both. The record establishes that after the motor vehicle accident, Defendant agreed to speak to James about the subrogation claim related to the accident. This satisfied a finding that it was highly improbable that Defendant

---

[32] *See Stevenson v. Swiggett*, 8 A.3d 1200, 1203-4 (Del. 2010) (determining that "record reflects that the Superior Court's determination that service of process was effective is supported by the record"). The Delaware Supreme Court found that the Superior Court correctly "concluded that it had *in personam* jurisdiction over the Stevensons and that service of process was proper." *Id.* at 1204. In *Stevenson*, the Court went through both the Rule 60(b)(4) and Rule 60(b)(1) analyses to determine if the default judgment should be vacated. *Id.* at 1202-3. The Court held that the Superior Court correctly found that service was not defective and therefore default judgment should not be vacated as void under Rule 60(b)(1). *Id.* at 1203-4.

[33] *See Hawk*, 2012 WL 2389298, at *1 (finding by Supreme Court that there was no error or abuse in ruling by Family Court that Father's claim he was never served with petition for child support was not credible).

did not know he was a party to the lawsuit.[34] CCP considered and rejected Defendant's version submitted only through his affidavit that he did not reside in Delaware at the time of service, and that he was not properly served at James' residence.[35]

Defendant argues that the lapse of time is irrelevant. In other words, he argues he could have presented his motion to vacate thirty years from now, and obtained the relief sought. This is inaccurate. CCP noted, and it bears repeating, that there was a significant amount of time between the Default Judgment and Defendant's Motion to Set Aside the judgment. The default judgment was entered in 2007. When Defendant's license was suspended, he immediately contacted Plaintiff's counsel and took issue with the seriousness of the accident (i.e., disputing the obligation of $2836), yet waited a decade to bring his motion to set aside the judgment. A reasonable person would have been aware of the judgment entered against him based on his discussion with Plaintiff's counsel regarding the accident and license suspension.[36]

CCP applied the same standards followed in *Credit Acceptance Corp. v.*

---

[34] *See* Memorandum Opinion and Order, at 5.

[35] *Id.*

[36] *See* Memorandum Opinion and Order, at 6.

*Evans,*[37] which considered a similar Rule 60(b)4 argument. In *Evans,* the court noted the large time gap between the entry of default judgment and the filing of the motion to vacate said judgment.[38] The defendant in that case similarly argued that he was not served with a summons or complaint and therefore judgment was void.[39] In *Evans,* the Court observed that the "default judgment against the defendant was taken over seventeen years ago."[40] That Court found "that a reasonable person should have been aware of a judgment entered against him well before the expiration of seventeen years."[41] The record supports a similar conclusion here.

This Court finds that CCP applied the correct legal standard under Rule 60(b)(4). Defendant failed to demonstrate that the default judgment against him was void. Thus, he cannot obtain any relief sought in his Motion to Set Aside the Default Judgment under Rule 60(b)(4). The Default Judgment was not void for improper service.

Having determined that Defendant was properly served with summons, CCP next considered whether to set aside the default judgment under Rule 60(b)(1). Rule

---

[37] 2014 WL 3531701 (Del. Com. Pl. June 13, 2014).

[38] *See id.* at *2.

[39] *Id.* at *1-2.

[40] *Id.* at *2.

[41] *Evans,* 2014 WL 3531701, at *2.

11

60(b)(1) states that a court may relieve a party from final judgment for "mistake, inadvertence, surprise, and excusable neglect."[42] The first three are not applicable and, therefore CCP conducted a thorough analysis to determine if it could find excusable neglect.

Excusable neglect means "neglect which might have been the act of a reasonably prudent person under the circumstances."[43] In order for the court to grant a motion under Rule 60(b), the party seeking to vacate a default judgment must establish the following three requirements.

> (1) [E]xcusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on the merits; and (3) a showing that substantial prejudice will not be suffered by plaintiff if the motion is granted.[44]

Defendant does not satisfy the requirements to vacate a default judgment under Rule

---

[42] Ct. Com. Pl. Civ. R. 60(b).

[43] *Perry v. Wilson*, 2009 WL 1964787, at *1 (Del. Super. July 8, 2009) (quoting *Battaglia v. Wilmington Sav. Fund Soc'y*, 379 A.2d 1132, 1135 n.4 (Del. 1977)).

[44] *Verizon Delaware, Inc. v. Baldwin Line Const. Co., Inc.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004) (citing *Lewes Dairy Inc. v. Walpole*, 1996 WL 111130, at *2 (Del. Super. Jan. 5, 1996)); *see also Credit Acceptance Corp. v. Barkley*, 2010 WL 2346220, at *1 (Del. Com. Pl. May 4, 2010) (quoting *Perry*, 2009 WL 1964787, at *1).

60(b)(1). Although Defendant did not seek this review, the proper analysis was set out in the CCP's Memorandum Opinion and Order under Rule 60(b)(1). Defendant knew there was an action against him and he did nothing.[45] He knew of a demand in March 2006, learned of his license suspension *as the result of a judgment* he was expected to satisfy in May of 2007, and did not raise any issues related to service until a decade later. Also, Defendant did not present evidence of a meritorious defense, and failed to show that Plaintiff will not suffer substantial prejudice if the matter had to be litigated more than a decade after the default judgment was entered.

## CONCLUSION

The CCP's application of the Motion to Set Aside Default Judgment under Rule 60(b) was free of legal error. The CCP's factual findings are "adequately supported by the record and are the product of an orderly and logical deductive process."[46] This Court finds there exists substantial evidence to support the factual findings determined by CCP in its Rule 60(b)(1) and (4) analyses. Because there exists substantial evidence to support the factual findings made, the decision of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Judge Vivian L. Medinilla

---

[45] *See* Memorandum Opinion and Order, at 6.

[46] *Wyatt*, 1994 WL 714006, at *2.

13

oc:   Prothonotary

cc:   All Counsel of Record *(via File/Serve Express)*