Rebecca STEVENSON and Renee
Stevenson, Defendants Below,
Appellants,

v.

Lissa SWIGGETT, Plaintiff
Below, Appellee.

No. 101, 2010.

Supreme Court of Delaware.

Submitted: Sept. 15, 2010.
Decided: Oct. 25, 2010.
Reargument Denied Dec. 8, 2010.

Michael L. Sensor, Esquire, of Perry & Sensor, Wilmington, Delaware, for appellants.

Andrew G. Ahern, III, Esquire, of Joseph W. Benson, P.A., Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

The defendants-appellants, Rebecca Stevenson ("Rebecca") and Renee Stevenson ("Renee"),[1] collectively referred to as "the Stevensons," appeal from a Superior Court order denying their motion to vacate a default judgment. On appeal, the Stevensons' claim that the Superior Court erred in finding that it had *in personam* jurisdiction over them, and abused its discretion in

denying their motion to vacate under Superior Court Civil Rule 60(b)(1). We have concluded that both of those claims are without merit.

### Facts

On May 14, 2005, an altercation between the Stevensons and Lissa Swiggett ("Swiggett"), the plaintiff-below, occurred at a private residence in New Castle County, Delaware. It is unclear who initiated the fight, but Swiggett suffered physical injuries as a result, and required medical treatment. Criminal charges were filed against the Stevensons. The police report prepared in connection with the incident listed both Rebecca and Renee as residing at 2530 N. Providence Road, Media, PA (the "PA address"). That address was provided by Rebecca and Renee to police.

On July 21, 2006, Swiggett filed a personal injury action against the Stevensons based on the injuries she suffered from the altercation. Using the address provided on the police report, Swiggett attempted to serve Rebecca and Renee under the former Delaware long-arm statute.[2] Swiggett served the Secretary of State on August 7, 2006, and sent the required registered letter to each of the Stevensons at the PA address. Both letters were returned by the United States Postal Service ("USPS"), and were marked "Refused."[3]

On October 16, 2006, Swiggett filed an amended complaint with the original service envelopes attached. She also moved

---

1. The correct spelling of Rebecca and Renee's last name is actually "Stephenson." The original case was filed with the misspelling. We will refer to Rebecca and Renee as "the Stevensons" in accordance with the original case filing to avoid confusion. We will also use their first names to refer to the defendants individually to avoid confusion since both women share the same first initial and last name.

2. Del.Code Ann. tit. 10, § 3104(d) (2006) (repealed). Under subsection (d), the Secretary of State served as the nonresident's agent for service of process. The 2008 legislation eliminated the required use of the Secretary of State as the agent for long-arm service.

3. According to the USPS Domestic Mail Manual, a "Refused" designation indicates that the "[a]ddressee refused to accept mail or pay postage charges on it."

for default judgment that same day. Swiggett sent copies of the notice and motion to the Stevensons at the PA address by certified and regular mail. These envelopes were also returned marked "Refused" and "Attempted—Not Known." [4]

The Superior Court heard and granted Swiggett's motion for default judgment on November 1, 2006. The court then held an inquisition hearing to determine the amount of damages to be awarded. On March 12, 2008, the Superior Court awarded Swiggett $55,532.98 in damages against the Stevensons, jointly and severally.

After learning that Renee had changed her last name as the result of marriage, and that she was the sole owner of real property in New Castle County, Swiggett moved to amend the judgment on June 15, 2009. Swiggett also moved to have the spelling of Rebecca's last name corrected to "Stephenson."

The Stevensons made their first appearance in the case on July 31, 2009, by filing their answer and affirmative defenses to Swiggett's amended complaint. They asserted six affirmative defenses, including insufficiency of process, insufficient service of process, and lack of personal jurisdiction.

Rebecca and Renee responded to Swiggett's motion to amend the judgment on August 5, 2009. They claimed that the judgment was invalid because the Superior Court lacked *in personam* jurisdiction over them due to insufficient process and service of process. The Stevensons also claimed that the PA address was not where either of them were residing at the time the complaint was filed in July 2006. They did concede that the letters sent to the PA address were refused, but denied that the refusal was accomplished by them

or their agent. Instead, they claimed, their stepfather, Frank Marcone ("Mr. Marcone"), told them that he refused the letters because neither of the Stevensons lived at the PA address.

Concurrently with their response to the motion to amend the judgment, the Stevensons also moved to vacate the default judgment under Superior Court Civil Rule 60(b). The basis of their motion was that their default was not a result of "culpable conduct" and therefore should be considered "excusable neglect," and the judgment was void for defective service, thereby depriving the Superior Court of *in personam* jurisdiction.

At the oral argument on the motion to vacate and motion to amend, the Superior Court requested that Mr. Marcone submit an affidavit detailing his knowledge about Swiggett's attempt to serve the defendants at the PA address. An evidentiary hearing was held on January 5, 2010. The Superior Court granted Swiggett's motion to amend and denied the Stevensons' motion to vacate the default judgment.

### *Issues on Appeal*

The Stevensons advance two reasons why this Court should reverse the denial of their motion to vacate the judgment under Rule 60(b). First, they claim that the Superior Court lacked *in personam* jurisdiction over them due to defective service, thereby rendering the judgment void and subject to being vacated under Rule 60(b)(4). Second, they claim that the Superior Court abused its discretion in denying their motion to vacate under Rule 60(b)(1), on the ground of excusable neglect or surprise. The crux of both arguments is the same: the Stevensons contend that the letters served by Swiggett were sent to an invalid address and were

---

4. According to the USPS Domestic Mail Manual, an "Attempted—Not Known" designation indicates "[d]elivery attempted, addressee not known at place of address."

not "refused" by them or their agent. Therefore, the Stevensons argue, they had no notice of the complaint or of any subsequent legal proceedings until Swiggett filed her motion to amend the judgment in July 2009.

### In Personam *Jurisdiction Established*

■ The first issue is whether the Superior Court lacked *in personam* jurisdiction over the defendants due to defective service—namely, on the ground that the letters were sent to an invalid address.[5] Section 3104(f) of the 2006 long-arm statute creates a presumption that if delivery is refused, the refusal was made by the defendant or defendant's agent.[6] The Stevensons contend that because neither they, nor their agent, marked the letters as "refused," the presumption under section 3104(f) should not apply. Renee separately asserts that at the time of the incident in 2005, she was a Delaware, not Pennsylvania, resident, and that therefore, long-arm service was improper as a matter of law.[7] Because the Superior Court lacked *in personam* jurisdiction, the Stevensons conclude that the default judgment against them was void and their motion to vacate should have been granted under Rule 60(b)(4).[8]

■ Questions of *in personam* jurisdiction involve mixed issues of fact and law.[9] This Court will uphold a trial court's factual findings unless they are clearly erroneous. The conclusion that the Superior Court had *in personam* jurisdiction is a question of law that we review *de novo*.[10]

The Superior Court found that the service was not defective, and based upon that finding, concluded that it had *in personam* jurisdiction over the Stevensons. The Superior Court reached that conclusion after reviewing and considering the parties' affidavits and submissions, the testimony presented at the evidentiary hearing, and the credibility of the witnesses. The record reflects several inconsistencies between the Stevensons' affidavits, Mr. Marcone's testimony and affidavit, and other documents in evidence. For example, Mr. Marcone testified at the evidentiary hearing that "Renee and Rebecca had moved out of our house seven years before this attempted delivery." That testimony, however, was inconsistent with the statement in Rebecca's affidavit that "[o]n May 14, 2005 . . . I lived at [the PA address]."

There also were inconsistencies as to whether Mr. Marcone had refused the registered letters Swiggett sent to the PA

5. *See* Del.Code Ann. tit. 10, § 3104 (2006) (repealed). Under the old long-arm statute, the Secretary of State served as the nonresident's agent for service of process. Section 3104(d). The plaintiff would then send copies of the complaint to the nonresident defendant via registered mail. Section 3104(d), (g). *See also* Super. Ct. Civ. R. 4(f)(1).

6. Del.Code Ann. tit. 10, § 3104(f) (2006) (repealed) ("The return receipt or other official proof of delivery shall constitute presumptive evidence that the notice mailed was received by the defendant or the defendant's agent; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or the defendant's agent."). The text of subsection (f) has been moved to

subsection (h)(2). *See* Del.Code Ann. tit. 10, § 3104(h)(2) (2010).

7. Renee contends that the judgment against her is void as a result of defective service because she should have been served as a resident of Delaware under Title 10, section 3101 of the Delaware Code, and not under the long-arm statute.

8. Super. Ct. Civ. R. 60(b)(4) states that a party may seek relief from a judgment that is void.

9. *Plummer v. Sherman*, 861 A.2d 1238, 1242 (Del.2004).

10. *Id.*

address.[11] In her affidavit accompanying the August 2009 motion to vacate, Renee stated that Mr. Marcone "told me that he remembered getting registered letters from a lawyer in September 2006 addressed to me and my sister at [the PA address], and that he refused the letters because we didn't live there anymore." Yet, in an affidavit filed one month later, Mr. Marcone testified that he was "able to state without reservation that none of the envelopes [were] ever presented to me nor was I aware they existed until I reviewed them earlier this month." Then, at the evidentiary hearing in January 2010, Mr. Marcone ventured his belief that the USPS workers must have marked the envelopes as "refused" on their own, without his knowledge.

The record also contains sufficient evidence for the Superior Court to find that Renee was not a Delaware resident at the time of the incident. In her August 2009 affidavit, Renee stated that "[o]n May 14, 2005 ... I resided with my fiancé ... [in] Wilmington, Delaware" and that she had not lived at the PA address "for years." On May 15, 2005, however, Renee told the police she lived at the PA address.

The record reflects that the Superior Court's determination that the service of process was effective is supported by the record. The evidence permits a reasonable fact finder to find that the Stevensons lived with their parents at the PA address and that service was refused by them or their agent. The inconsistencies between the Stevensons' and their stepfather's testimony support that factual determination, and there is no indication that the Superior Court's factual finding is "clearly wrong."

Therefore, the Superior Court properly concluded that it had *in personam* jurisdiction over the Stevensons and that service of process was proper. Because the Superior Court properly had *in personam* jurisdiction, the default judgment entered against the Stevensons is not void. Therefore, the Superior Court did not abuse its discretion in denying the Stevensons' motion to vacate under Rule 60(b)(4).

### No Excusable Neglect

■ The Stevensons' second claim is that the Superior Court abused its discretion in denying their motion to vacate the judgment under Rule 60(b)(1) on the basis of excusable neglect or surprise.[12] They contend that the service letters served were sent to an invalid address, and as a result, they did not have notice of either the complaint or of any subsequent legal proceedings until Swiggett filed her motion to amend the judgment in July 2009. The Superior Court held that the Stevensons failed to meet their burden of establishing mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1), and denied their motion.

■ This Court reviews a denial of a motion to vacate a default judgment under Rule 60(b)(1) for abuse of discretion.[13] A trial court must consider three factors in determining whether entry of a default judgment should be set aside: first, whether culpable conduct of the defendant led to the default and, if so, was it excusable; second, whether the defendant has a meritorious defense; and third, whether the

11. *See* Del.Code Ann. tit. 10, § 3104(f) (2006) (repealed).

12. *Battaglia v. Wilmington Sav. Fund Soc'y,* 379 A.2d 1132, 1135 n. 4 (Del.1977), Super. Ct. Civ. R. 60(b)(1).

13. *Apartment Cmtys. Corp. v. Martinelli,* 859 A.2d 67, 70 (Del.2004).

plaintiff will be prejudiced.[14] Because the first factor is a threshold, the trial court need only consider the second and third factors "if a satisfactory explanation has been established for failing to answer the complaint, e.g. excusable neglect or inadvertence."[15] Under Rule 60(b)(1), excusable neglect is defined as "neglect which might have been the act of a reasonably prudent person under the circumstances."[16] But, a defendant "cannot have the judgment vacated where [the defendant] has simply ignored the process."[17]

The Stevensons claim excusable neglect on the basis that they did not actually live at the PA address, and therefore, did not receive or refuse the registered letters. They argue that the Superior Court abused its discretion by failing to consider the evidence they presented about their address changes and their credit report inquiries. The Stevensons' argument ultimately rests on the same factual predicate as their first claim—a predicate that the trial court rejected. As discussed earlier in this opinion, the Superior Court concluded that the Stevensons' and Mr. Mar-

cone's testimony on this subject were not credible.

There is no showing that the Superior Court failed to consider the Stevensons' proffered evidence regarding their address changes and credit reports. Indeed, the Superior Court's January 6, 2010 order stated that the order was "[b]ased on the evidence presented." The record reflects there is sufficient evidence for the Superior Court to conclude that the Stevensons were properly served at the appropriate address listed in the police report, and that they were not credible due to the many testimonial contradictions and inconsistencies.

### *Conclusion*

The judgments of the Superior Court are affirmed.

---

14. *Id.* at 69–70.

15. *Id.* at 72.

16. Super. Ct. Civ. R. 60(b)(1).

17. *Lee v. Charter Comm'ns VI, LLC,* 2008 WL 73720, at *1 (Del.Super.Ct., Jan. 7, 2008).