IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CRAIG CHARLES RICHARDS, and GLORIA JEANNE RICHARDS, his wife, | § § § § | |
| | § | No. 546, 2018 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No N16C-04-206 |
| COPES-VULCAN, INC., FORD MOTOR COMPANY, and THE GOODYEAR TIRE & RUBBER COMPANY, | § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: June 5, 2019
Decided: July 22, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Adam Balick, Esquire and Patrick J. Smith, Esquire, Balick & Balick, LLC, Wilmington, Delaware, Bartholemew J. Dalton, Esquire (*argued*), Ipek K. Medord, Esquire, Andrew C. Dalton, Esquire and Michael C. Dalton, Esquire, Dalton & Associates, P.A., Wilmington, Delaware, for Plaintiffs Below, Appellants Craig Charles Richards and Gloria Jeanne Richards, his wife.

Jason A. Cincilla, Esquire (*argued*), Amaryah K. Bocchino, Esquire, Ryan W. Browning, Esquire and Tye C. Bell, Esquire, Manning Gross + Massenburg LLP, Wilmington, Delaware, for Defendant Below, Appellee The Goodyear Tire & Rubber Company.

Paul A. Bradley, Esquire and Antoinette D. Hubbard, Esquire (*argued*), Maron Marvel Bradley Anderson & Tardy LLC, Wilmington, Delaware, for Defendant Below, Appellee Copes-Vulcan, Inc.

Christian J. Singewald, Esquire and Rochelle L. Gumapac, Esquire, White and Williams LLP, Wilmington, Delaware, Jessica L. Ellsworth, Esquire (*argued*), Hogan Lovells US LLP, Washington, D.C., for Defendant Below, Appellee Ford Motor Company.

**SEITZ**, Justice:

Ohio residents Craig Richards and his wife Gloria Richards filed suit against the defendants in the Delaware Superior Court claiming that Mr. Richards' exposure to asbestos-containing products at home and in the workplace caused his mesothelioma. The parties agree that Ohio law applies to this case. To make the causal link between Mr. Richards' asbestos exposure and his disease, the Richards served an expert report relying on a cumulative exposure theory, meaning that every non-minimal exposure to asbestos attributable to each defendant combined to cause Mr. Richards' injury.

After the Richards served their expert report, the Ohio Supreme Court decided *Schwartz v. Honeywell International, Inc*.[1] In *Schwartz*, the Ohio Supreme Court rejected an expert's cumulative exposure theory for a number of reasons, including its inconsistency with an Ohio asbestos causation statute. The statute requires that causation be determined on a defendant by defendant basis. The Richards' attorneys became aware of the *Schwartz* decision during summary judgment briefing. Instead of asking for leave to serve a supplemental expert report based on another theory of causation, the Richards argued in opposition to summary judgment that the Ohio asbestos causation statute and the *Schwartz* decision did not require any expert report. According to the Richards, as long as there is factual evidence in the record

---

[1] 102 N.E.3d 477 (Ohio 2018).

showing, in the words of the Ohio statute, the manner, proximity, frequency, and length of exposure to asbestos, summary judgment should be denied.

The Superior Court disagreed and held that, to defeat summary judgment, the Richards must still offer expert medical evidence of specific causation, meaning that the asbestos exposure attributable to each defendant caused Mr. Richards' mesothelioma. The Superior Court also denied reargument and found untimely the Richards' later attempt to supplement their expert report.[2] According to the court, the time to supplement their expert report was before the court granted the defendants' summary judgment motions. The Richards have appealed from the Superior Court's dismissal rulings, arguing that the court misinterpreted Ohio law, and should have granted them leave to supplement their expert report after the court's summary judgment rulings.

As we read the Ohio asbestos causation statute and Ohio Supreme Court precedent, neither the Ohio General Assembly nor the Court intended to abrogate the general rule in Ohio in toxic tort cases that a plaintiff must provide expert medical evidence "(1) that the toxin is capable of causing the medical condition or ailment (general causation), and (2) that the toxic substance in fact caused the claimant's medical condition (specific causation)."[3] Thus, the Superior Court concluded

---

[2] 2018 WL 3769190 (Del. Super. Aug. 8, 2018).

[3] *Terry v. Caputo*, 875 N.E.2d 351 (Ohio 2007).

4

correctly that expert medical evidence on specific causation must be offered by the Richards to avoid summary judgment. We also find that the Superior Court did not abuse its discretion in denying reargument and the Richards' request to supplement their expert report after the court's summary judgment ruling. The Superior Court's judgment is affirmed.

## I.

In March 2016, doctors diagnosed Mr. Richards with mesothelioma, a fatal lung disease associated with exposure to asbestos. The following month, Mr. Richards and his wife filed suit against over thirty defendants, alleging that the asbestos exposure attributed to the defendants caused his disease. After settlements and dismissals, the remaining defendants are Ford Motor Company, Goodyear Tire & Rubber Company, and Copes-Vulcan, Inc. According to the complaint, Mr. Richards worked as a millwright in a Ford manufacturing facility, where he was exposed to asbestos while working with gaskets and valves produced by Goodyear and Copes-Vulcan.[4] While working at gas stations and as a shade tree mechanic, he alleged exposure to Goodyear and Ford asbestos-containing products.

---

[4] The Richards agree that any exposure while working for Ford cannot be attributed to Ford in this lawsuit because it would fall under workers' compensation. App. to Opening Br. at A792 (Richards' Memorandum in Opposition to Ford's Motion for Summary Judgment).

Before summary judgment briefing started, the Richards served the May 16, 2017 expert report of Dr. Mark E. Ginsburg.  After reviewing Mr. Richards' work history, exposure to asbestos, and the medical literature, Dr. Ginsburg concluded

> to a reasonable degree of medical certainty, that Mr. Richards's cumulative exposure to asbestos was a substantial contributing cause of his malignant mesothelioma.  It is my further opinion, to a reasonable degree of medical certainty, that the cumulative exposure to asbestos from each company's asbestos product or products was a substantial contributing factor in the development of Mr. Richards's malignant mesothelioma.  Each such product for which exposure can be shown was a cause of said disease.[5]

On February 8, 2018, the Supreme Court of Ohio decided *Schwartz v. Honeywell International, Inc.*[6]  In *Schwartz*, the Court ruled that, under the Ohio asbestos causation statute, "a theory of causation based only on cumulative exposure to various asbestos-containing products is insufficient to demonstrate that exposure to asbestos from a particular defendant's product was a 'substantial factor'" in causing the plaintiff's injury.[7]  The Richards' attorneys became aware of the *Schwartz* decision while briefing the defendants' motions for summary judgment.  The Richards do not dispute that the *Schwartz* decision negated Dr. Ginsburg's expert report.[8]  Rather than request leave to serve a supplemental expert report, the

---

[5] App. to Opening Br. at A89 (Plaintiff's Expert Report).

[6] 102 N.E.3d 477 (Ohio 2018).

[7] *Id*. at 483.

[8] Opening Br. Ex. A at 30 (Transcript of July 10, 2018 Motion Hearing) (Argument by the Richards' counsel) ("*Schwartz* is indisputably a refutation of the cumulative exposure theory upfront.  There's no way that I can say that Dr. Ginsburg's report here or the vast majority of

Richards stood their ground, and argued that they did not need any expert report to defeat summary judgment.[9] As they argued, as long as the summary judgment factual record contained sufficient evidence of the manner, proximity, frequency, and length of Mr. Richards' exposure to asbestos attributable to each defendant, the Ohio asbestos causation statute was satisfied and the case should proceed to trial.

The Superior Court disagreed. After recognizing that the Ohio Supreme Court's *Schwartz* decision undercut Dr. Ginsburg's expert report and its cumulative causation theory, the court held in a bench ruling:

> Well, without expert testimony, I'm not sure how any of those things [the manner, proximity, frequency, and length of exposure statutory factors] are put into an appropriate context, and what meaning is to be given to any of those exposures that Mr. Richards described. They are just sort of standing alone there without any explanation of how significant they are without any expert testimony consistent with what *Schwartz* says Ohio law requires. So under that context, I don't find that standalone nonexpert testimony sufficient to meet the defendant – the plaintiff's burden here, and I'm going to grant the motion for summary judgment.[10]

The Richards moved for reargument or leave to supplement Dr. Ginsburg's report to conform to the *Schwartz* decision. The Superior Court denied both requests. As the court held, whether viewed as a request to amend the Master Trial

---

reports that he produces satisfies substantial factor causation under Ohio law as stated by *Schwartz*.").

[9] *Id*. at 32-33 (Richards' counsel arguing that under Ohio law an expert report is not needed at summary judgment).

[10] *Id*. at 65. The court's ruling applied to the summary judgment motions filed by all defendants. *Id*. at 69.

Scheduling Order in asbestos cases or a request for relief from judgment, "[t]he real problem for Plaintiffs is that they never sought leave for Dr. Ginsburg to supplement his report until after the Court had entered summary judgment against them."[11] Relevant to the reargument motion, the court also found that "absent Dr. Ginsburg's opinion, Plaintiffs are left without any expert medical opinion on causation. At most, they simply would be able to present testimony about exposure, which is insufficient under Ohio law."[12] Thus, according to the court, the "[p]laintiffs have not demonstrated good cause/excusable neglect to warrant granting them leave to submit Dr. Ginsburg's supplemental report or to grant them reargument."[13]

The Richards have appealed from the Superior Court's July 10, 2018 summary judgment bench ruling and its August 8, 2018 order denying reargument and leave to supplement Dr. Ginsburg's expert report. The summary judgment standard of review is *de novo*.[14] Whether we review the August 8 decision as a substantive pretrial motion or a motion for reargument, we review for abuse of discretion.[15]

---

[11] *In re Asbestos Litigation (Richards)*, 2018 WL 3769190 at *2. The court also noted that, according to the timeline suggested by the Richards, they could have provided a supplemental report before summary judgment argument. *Id.*

[12] *Id.* at *3 n.28 (citing *Terry v. Caputo*, 875 N.E.2d 351 (Ohio 2007)).

[13] *Id.* at *2.

[14] *In re Asbestos Litigation (Collins)*, 673 A.2d 159, 160 (Del. 1996) (citing *Merrill v. Crothall–American, Inc.*, 606 A.2d 96, 99 (Del. 1992)).

[15] *Stevenson v. Swiggett*, 8 A.3d 1200, 1204 (Del. 2010); *Christian v. Counseling Resource Assoc., Inc.*, 60 A.3d 1083, 1087 (Del. 2013).

II.

A.

Our starting point to answer the Ohio law question is the Fourth Circuit's decision in *Lohrmann v. Pittsburgh Corning Corp.*[16] In *Lohrmann*, the plaintiff argued that a directed verdict in favor of three asbestos product manufacturers was improper when the trial court found there was insufficient evidence that the plaintiff came in contact with their asbestos products. Rather than adopt a rule "that if the plaintiff can present any evidence that a company's asbestos-containing product was at the workplace while the plaintiff was at the workplace, a jury question has been established as to whether that product contributed as a proximate cause to the plaintiff's disease," the Fourth Circuit created the now often-cited "manner-frequency-proximity" test for causation in asbestos cases:

> To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked. Such a rule is in keeping with the opinion of the plaintiff's medical expert who testified that even thirty days exposure, more or less, was insignificant as a causal factor in producing the plaintiff's disease.[17]

As the court held, the manner-frequency-proximity test was useful to assess "the sufficiency of evidence for exposure" because it operated as "a *de minimis* rule

---

[16] 782 F.2d 1156 (4th Cir. 1986).
[17] *Id*. at 1162-63.

9

since a plaintiff must prove more than a casual or minimum contact with the product."[18]  The appeals court affirmed the district court's directed verdict in favor of the three manufacturers because of the lack of evidence of exposure to their products.

The Ohio Supreme Court, like many courts, had to decide what causation standard to adopt in the evolving area of toxic tort litigation.  The causation issue presents unique challenges because of multiple defendants, multiple sources of exposure, and the long latency period of asbestos exposure diseases.[19]  In *Horton v. Harwick Chem. Corp.*, the Ohio Supreme Court declined to adopt the *Lohrmann* manner-frequency-proximity test because it "cast[] judges in an inappropriate role" of making scientific and medical exposure assessments,  was "overly burdensome" for plaintiffs, and was "unnecessary."[20]  Instead, the Court adopted the "substantial factor" test of the Restatement.[21]  The plaintiff must show that they were exposed to asbestos from each defendant's product, and the asbestos from each defendant's product was a "substantial factor" in causing the injury.[22]

---

[18] *Id*. at 1162.

[19] *See* Danielle Conway-Jones, *Factual Causation in Toxic Tort Litigation: A Philosophical View of Proof and Certainty in Uncertain Disciplines*, 35 U. RICH. L. REV. 875, 878-82 (2002) (noting the challenges of establishing a cause and effect relationship between a toxin and a plaintiff's injury such as a long latency period, traceability and source issues, and differential causation based on exposure to more than one toxic substance).

[20] 653 N.E.2d 1196, 1199 (Ohio 1995).

[21] Restatement (Second) of Torts § 431 cmt. a (1965).

[22] *Id*.

After the *Horton* decision, the Ohio General Assembly in 2004 saw things differently and enacted Ohio Rev. Code Ann. § 2307.96, which essentially adopted the *Lohrmann* causation standard in asbestos cases:

> (A) If a plaintiff in a tort action alleges any injury or loss to person resulting from exposure to asbestos as a result of the tortious act of one or more defendants, in order to maintain a cause of action against any of those defendants based on that injury or loss, the plaintiff must prove that the conduct of that particular defendant was a substantial factor in causing the injury or loss on which the cause of action is based.
>
> (B) A plaintiff in a tort action who alleges any injury or loss to person resulting from exposure to asbestos has the burden of proving that the plaintiff was exposed to asbestos that was manufactured, supplied, installed, or used by the defendant in the action and that the plaintiff's exposure to the defendant's asbestos was a substantial factor in causing the plaintiff's injury or loss. In determining whether exposure to a particular defendant's asbestos was a substantial factor in causing the plaintiff's injury or loss, the trier of fact in the action shall consider, without limitation, all of the following:
>
> > (1) The manner in which the plaintiff was exposed to the defendant's asbestos;
> > (2) The proximity of the defendant's asbestos to the plaintiff when the exposure to the defendant's asbestos occurred;
> > (3) The frequency and length of the plaintiff's exposure to the defendant's asbestos;
> > (4) Any factors that mitigated or enhanced the plaintiff's exposure to asbestos.[23]

Three years after the Ohio General Assembly adopted § 2307.96, the Ohio Supreme Court decided a toxic mold exposure case and made a broad

---

[23] Ohio Rev. Code Ann. § 2307.96.

11

pronouncement about the need for expert medical evidence in toxic tort cases. In *Terry v. Caputo*,[24] a group of public employees filed suit against property owners who leased space allegedly contaminated with mold. In reviewing an intermediate appellate decision allowing the case to proceed without expert medical evidence, the Ohio Supreme Court first adopted the federal two-step analysis for a *prima facie* case of tort liability for exposure to toxic substances. In the first step, the plaintiff must offer evidence establishing general causation, meaning whether a substance is capable of causing a particular injury or condition in the general population. In the second step, the plaintiff must offer specific causation evidence, meaning whether the substance caused the plaintiff's injury.[25] Pertinent to the issue here, the Court held, in unequivocal terms, that "expert medical testimony is necessary to establish that particular types of mold found in the workplace were the specific cause of the claimants' ailments. Without expert testimony to establish both general and specific causation, a claimant cannot establish a prima facie case of exposure to mold or other toxic substance."[26]

Finally, in 2018, the Ohio Supreme Court decided *Schwartz*. In *Schwartz* the plaintiff was a widower who brought an action on behalf of himself and his wife's estate. He alleged that his wife died from mesothelioma due to secondary exposure

---

[24] 875 N.E.2d 72 (Ohio 2007).
[25] *Id.* at 77.
[26] *Id.* at 79.

12

to her father's asbestos exposure from multiple sources. His medical expert concluded there was no known threshold of asbestos exposure at which mesothelioma will not occur, and thus his wife's cumulative exposure to asbestos from multiple sources caused her mesothelioma.

After reviewing the history of § 2307.96 of the Ohio Code, the Court held that a cumulative causation theory of asbestos exposure could not be squared with the statute. More specifically, the expert's opinion that all exposures contribute to a cumulative dose that causes mesothelioma was "incompatible with the plain language" of the statute requiring an individualized determination of exposure for each defendant.[27] Further, "in saying that all nonminimal exposures count," the cumulative exposure theory "is at odds with the statutory requirement that substantial causation be measured based on the manner, proximity, length, and duration of exposure."[28] The Court also found other non-statutory problems with the theory, such as not counting minimal exposures and their contribution to the cumulative exposure to asbestos.[29] In the end, the Ohio Supreme Court concluded that "a theory of causation based only on cumulative exposure to various asbestos-containing products is insufficient to demonstrate that exposure to asbestos from a

---

[27] *Schwartz*, 102 N.E.3d at 481.
[28] *Id.*
[29] *Id*. at 180-81.

particular defendant's product was a 'substantial factor' under R.C. 2307.96" in causing Schwartz's disease.[30]

## B.

Against this background, the Richards argue that *Terry v. Caputo*—and its "normally uncontroversial proposition" that "specific causation need be established through expert testimony"—has been "statutorily overridden in Ohio for asbestos litigation."[31]  Under § 2307.96, argue the Richards, no expert medical evidence is needed to defeat summary judgment.  As long as the facts of record satisfy the *Lohrmann* manner, proximity, length, and duration requirements in the statute, the case should go to trial.  To support their interpretation, the Richards point to the *Schwartz* decision, where the Ohio Supreme Court considered the *Lohrmann* factors after rejecting the experts' cumulative causation theory.  They also contrast § 2307.96 with § 2307.92, which addresses nonmalignant claims and claims of smokers suffering from lung cancer.  Section 2307.92 contains detailed expert medical requirements not included in § 2307.96.

We agree with the defendants, however, that § 2307.96 did not greenlight asbestos exposure tort cases for trial as long as the statutory *Lohrmann* factors are satisfied.  Like the *Lohrmann* decision, § 2307.96 is aimed at a specific causation

---

[30] *Id*. at 483.
[31] Reply Br. at 9.

14

issue—requiring more than *de minimis* exposure to asbestos for each defendant in a multiple defendant case.[32] By meeting the statutory factors on summary judgment, the plaintiff has cleared the evidentiary hurdle of more than *de minimis* exposure to asbestos attributable to each defendant. What still remains as part of the specific causation analysis, however, is the need for expert medical testimony to make the link between the more than *de minimis* asbestos exposure attributable to each defendant, and the plaintiff's injury. There are many types of asbestos, many degrees of exposure, and many resulting diseases.[33] Establishing the link between the asbestos exposure attributable to each defendant and the disease afflicting the

---

[32] Ohio Rev. Code Ann. § 2307.96 ("[T]he plaintiff must prove that the conduct of *that particular defendant* was a substantial factor" in causing the harm (emphasis added)); *see* David A. Bernstein, *Getting to Causation in Toxic Tort Cases*, 74 BROOK. L. REV. 51, 51-52 (2008) ("Beyond general and specific causation, an additional causation issue arises when multiple defendants are responsible for exposing the plaintiff to a harmful substance. The most common example is a plaintiff who contracts an asbestos-related disease, such as lung cancer or asbestosis, and was exposed to asbestos from multiple sources. Assuming the plaintiff is able to show that his disease was more probably than not caused by asbestos exposure, he still has to prove that a particular defendant's asbestos-containing product was a 'proximate cause' of that injury to recover damages from that defendant. Courts, building on the Restatement (Second) of Torts, have concluded that plaintiffs must provide sufficient evidence for a jury to conclude that exposure to the defendant's asbestos or asbestos-containing product was a 'substantial factor' in promoting the disease."). The Fourth Circuit in *Lohrmann* expressed its discontent with the course of asbestos litigation at the time, noting that "most plaintiffs sue every known manufacturer of asbestos products," and then some defendants drop out at summary judgment "because there has been no evidence of any contact with any of such defendant," and others "go to trial and succeed at the directed verdict." 782 F.2d at 1162. The *Lohrmann* factors imposed a "*de minimis* rule, since a plaintiff must prove more than a casual or minimum contact with the product." *Id.*

[33] *See* Ohio Rev. Code Ann. § 2307.91(B) ("'Asbestos' means chrysotile, amosite, crocidolite, tremolite asbestos, anthophyllite asbestos, actinolite asbestos, and any of these minerals that have been chemically treated or altered."); Ohio Rev. Code Ann. § 2307.91 (D), (R), (S), and (T) (defining Asbestosis, Lung Cancer, Mesothelioma, and Nonmalignant condition).

15

plaintiff "relates to matters beyond the knowledge or experience possessed by laypersons."[34]  Under Ohio law, and the law of other states that have adopted the *Lohrmann* factors, expert medical evidence is required to support specific causation.[35]  To hold otherwise would essentially adopt a presumption at summary judgment that any exposure to asbestos above a *de minimis* level caused the plaintiff's injury.[36]

The *Schwartz* decision and § 2307.92 are not at odds with our interpretation of § 2307.96.  In *Schwartz*, the Court did review the statutory *Lohrmann* manner-proximity-frequency-length factors after rejecting the expert's cumulative causation

---

[34] Ohio Evid. R. 702; *see Darnell v. Eastman*, 261 N.E.2d 114, 116 (Ohio 1970) ("Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion.").

[35] *Id.*; *see James v. Bessemer Processing Co.*, 714 A.2d 898 (N.J. 1998) (after adopting the *Lohrmann* factors to establish specific causation, the court held that "a plaintiff in an occupational-exposure, toxic-tort case may demonstrate medical causation by establishing: (1) factual proof of the plaintiff's frequent, regular and proximate exposure to a defendant's products; and (2) medical and/or scientific proof of a nexus between the exposure and the plaintiff's condition.").  *See also Holcomb v. Georgia Pacific, LLC*, 289 P.3d 188, 197 n.10 (Nev. 2012) (after adopting *Lohrmann* factors, noting that "[w]hile the parties agree that medical causation is not at issue in this case, it is necessarily intertwined with the determination of whether any of the exposures were a substantial factor in the contraction of the disease.").

[36] In their reply brief, the Richards appear to agree that expert medical testimony is required for general and specific causation in this case: "To be clear, Plaintiffs will not proceed to trial without the benefit of expert testimony.  To the contrary, Dr. Ginsburg can and will testify – as he has in two recent trials – as to the causation of Mr. Richards' disease.  This testimony will encompass both general and specific causation."  Reply Br. at 14.  The question on appeal, according to the Richards, is "whether a specific formulation of an expert report is necessary to survive summary judgment."  *Id.*  The answer is yes.  In opposition to summary judgment, when their *prima facie* case is challenged for lack of specific causation, the Richards must offer expert medical evidence of specific causation.

theory. And § 2307.92 does contain detailed expert medical evidence for non-malignant claims, and claims involving smokers with lung cancer, and § 2307.96 does not. But, as explained earlier, § 2307.96 and its *Lohrmann* factors were aimed at a particular issue—dealing with minimal asbestos exposure in multiple defendant cases. The statute requires the fact finder to review the level of exposure to ensure that the plaintiff has met their exposure burden for each defendant. Given its limited purpose, we do not read the statute to preempt all other causation requirements in asbestos exposure cases.

## IV.

As a final matter we address the Superior Court's denial of the Richards' motion entitled "Motion for Leave to Supplement Expert Report Due to Changes in Substantive Law, and/or for Reargument." Under the circumstances of this case, when the Richards were aware of the Ohio Supreme Court's decision in *Schwartz* during summary judgment briefing, and waited "to supplement the [expert's] report until after the Court had entered summary judgment against them,"[37] we cannot find that the Superior Court abused its discretion in denying the motions.[38]

---

[37] *In re Asbestos Litigation (Richards)*, 2018 WL 3769190 at *2.

[38] The Richards also argue that the General Scheduling Order allowed them to modify their expert report fifteen days after summary judgment oral arguments. Regardless, during summary judgment briefing the parties raised the Ohio law question, the validity of Dr. Ginsburg's report, and the need for expert medical evidence. The Superior Court did not abuse its discretion in denying leave to supplement when it reasonably thought that the plaintiffs could have sought leave to supplement Dr. Ginsburg's report before the court's summary judgment decision, and instead were content to defend the motion without a supplemental expert report.

## V.

The judgment of the Superior Court is affirmed.