# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TruMark Financial Credit Union, | ) | |
| | ) | C.A. No. S24L-01-006 CAK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cyprian Asumana, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 20, 2024
Decided: May 28, 2024

*Upon Defendant's Motion to Reopen, Quash Service, and Dismiss for Improper Service*

**DENIED**

## ORDER

Daniel K. Hogan, Esquire, Hogan McDaniel, 1311 Delaware Avenue, Wilmington, DE 19806; Attorneys for Plaintiff.

Cyprian Asumana, 502 Orchard Avenue, Yeadon, PA 19050, Defendant, *Pro Se*.

**KARSNITZ, R.J.**

On October 10, 2023, TruMark Financial Credit Union ("Plaintiff") filed a Notice of Intention to Foreclose a Revolving Credit Mortgage dated May 11, 2022, executed by Cyprian Asumana ("Defendant")[1], on real property known as 103 West Street in Laurel, Delaware, securing an Open End Credit Plan in the original principal amount of $136,000.00, dated of even date therewith.

In the Mortgage and Credit Plan, Defendant stated that all notices to him shall be deemed to be properly delivered when addressed to him at 5514 Wyalusing Avenue in Philadelphia, Pennsylvania. This is the address at which Plaintiff served the Complaint on Defendant.

On February 13, 2024, Defendant was served with the Complaint under our long-arm statute, 10 *Del. C.* § 3104(d)(3) by Federal Express, Overnight Priority with Adult Signature required. Plaintiff received signed proof of delivery at Defendant's last known address and filed proof of delivery with this Court, which constitutes presumptive evidence that the Complaint was received by Defendant or Defendant's agent under 10 *Del. C.* § 3104(h)(3).

On March 11, 2024, Plaintiff obtained a default judgment against Defendant under Delaware Superior Court Civil Rule 55(b), and is now awaiting the Sheriff's Sale.

---

[1] Although at some point in the proceedings Defendant retained counsel, who contacted Plaintiff's counsel, he is currently unrepresented by counsel.

On April 9, 2024, Defendant filed a Motion to Reopen the case so that he could file an Answer and cure his default, stating that he was never served with process and that he was unaware of the Complaint.[2] I will treat this as a Motion to Vacate the Default Judgment under Delaware Superior Court Civil Rule 60(b).

On May 3, 2024, I heard oral argument on the Motion and requested the parties to submit letters supporting their respective positions. On May 20, I received a legal brief from Defendant styled "Motion to Quash Service and Dismiss for Improper Service." That same day I received Plaintiff's letter regarding service on Defendant. This is my Order denying the Motion.

Delaware Superior Court Civil Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In my view, none of these reasons apply in this case. There is no evidence in the record or at the result of oral argument Defendant's failure to timely answer the

---

[2] Curiously, on that same date, Defendant sent an email to Plaintiff's counsel stating that he was aware of the Complaint, clearly an inconsistency in the evidence.

Complaint resulted from mistake, inadvertence, surprise, or excusable neglect.

Defendant would have me believe that, because he was improperly served, his failure to answer was due to inadvertence, surprise, or excusable neglect. This brings me to the issue of the propriety of service of process under the long-arm statute.

It is true that Plaintiff complied with the technical requirements of the long-arm statute. However, our Supreme Court has held that, in addition to this, Plaintiff must afford Defendant due process of law.[3] I find Defendant's argument that service violated due process because he did not reside at the Philadelphia address unavailing. He gave this address to Plaintiff as his address, and he stated in both the Mortgage and Credit Plan that it was his address of record for purposes of notice under those instruments. Although Defendant did not sign for the service of process, another person signed for Defendant because Defendant was not there. This is sufficient. As stated below, under the long arm statute, if service of process is signed for by someone other than Defendant, there is a presumption that person is Defendant's agent. This presumption is not rebutted on the record. Otherwise, debtors could simply move from place to place to avoid service of process by their creditors.

In *Stevenson v. Swiggett*, 8 A.3d 1200 (Del. 2010), plaintiff sued defendant sisters for injuries as the result of a fist fight between the parties. The sisters provided a Media, Pennsylvania address to the police. Plaintiff served the defendants at this

---

[3] *Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd*., 611 A.2d 476 (Del. 1992).

Pennsylvania address. Service was returned as "refused." Plaintiff obtained a default judgment, including damages, against defendants. Defendants made their belated appearance in the case more than a year later, filing an answer and six affirmative defenses, including insufficiency of process, insufficient service of process, and lack of personal jurisdiction. The defendants claimed that the Pennsylvania address was not where either of them were residing at the time the complaint was served. They claimed their stepfather refused service. Defendants moved concurrently to vacate the default judgment based on their "non-culpable conduct" and "excusable neglect," and claimed that the judgment was void for defective service, thereby depriving the Superior Court of *in personam* jurisdiction. The Superior Court held oral argument, heard evidence, and denied the motion to vacate.

On appeal the Supreme Court considered two issues: *in personam* jurisdiction and excusable neglect. With respect to the first issue, the Court noted that, under the long arm statute, if service is accepted or refused, there is a presumption that the acceptance or refusal was made by the defendant or the defendant's agent. The Court found that the evidence at oral argument held by the Superior Court supported the determination that service of process was effective, and that a reasonable fact finder could find that the defendants lived with their parents at the Pennsylvania address. Therefore, the Superior Court had *in personam* jurisdiction, the default judgment was not void, and the Superior Court did not abuse its discretion in denying

defendants' motion to vacate the default judgment.

With respect to excusable neglect, defendants argued that service was sent to an invalid address and, as a result, they did not have notice of either the complaint or any subsequent legal proceedings, thus the Superior Court abused its discretion in denying the motion to vacate. The Supreme Court stated that the Superior Court must consider three (3) factors in determining whether entry of a default judgment should be set aside: first, whether culpable conduct of defendant led to the default and, if so, was it excusable; second, whether defendant has a meritorious defense; and third, whether the plaintiff will be prejudiced.[4] Because the first factor is a threshold, the Superior Court need only consider the second and third factors "if a satisfactory explanation has been established for failing to answer the complaint, e.g. excusable neglect or inadvertence."[5] Under **Rule 60(b)(1)**, excusable neglect is defined as "neglect which might have been the act of a reasonably prudent person under the circumstances." But a defendant "cannot have the judgment vacated where [the defendant] has simply ignored the process."[6]

The record shows inconsistencies in Defendant's filings concerning his addresses and why he had given Plaintiff the Pennsylvania address as the address to which notices under the Mortgage and Credit Plan should be sent. Defendant's

---

[4] *Apartment Cmtys. Corp. v. Martinelli,* 859 A.2d 67, 69-70 (Del. 2004).
[5] *Id.* at 72.
[6] *Lee v. Charter Comm'ns VI, LLC,* 2008 WL 73720, at *1 (Del. Super., Jan. 7, 2008).

conduct led to the default judgment and there was no satisfactory explanation established for his failing to answer the Complaint.

Having heard and considered Defendant's Motion and Plaintiff's arguments, Defendant's Motion is hereby **DENIED**.

Plaintiff shall proceed with the Sherriff's Sale. It is **SO ORDERED**.


/s/ Craig A. Karsnitz
Craig A. Karsnitz


cc: Prothonotary